■    Iss SALES CORPORATION, Respondent-Appellant, v. LEONARD C. BELL et al., Appellants-Respondents.— Cross appeals from a judgment of the Supreme Court, entered November 6, 1974 in Broome County, upon a decision of the court at a Trial Term, without a jury. Brenton H. Penwarden in 1952 formed a manufacturers' representative business, Industrial Services Supply Company. The company would enter into agreements with various hard goods manufacturers whereby ISS Company would be given the right to, within a given territory, promote the sale of the hard goods to industrial consumers. Commissions would be paid the company by the manufacturers on completed sales. In May of 1960 Penwarden hired defendant Leonard Bell as ISS Company salesman for the Rochester and Syracuse area. Although the business was incorporated as ISS Sales Corporation in 1962, Penwarden, as president, remained in control and Bell continued to provide his services without interruption. By 1967 Bell, in addition to his salesman duties, had become vice-president and a director of the corporation. Codefendant Clarke joined ISS in 1970 as a salesman. On or about September 7, 1972 Bell resigned from his corporate offices and salesman position and formed his own sales corporation (codefendant ABS Sales Corp.) a month later. Clarke left ISS for ABS on November 1, 1972. From the beginning of August, 1972 through November, nine suppliers terminated their contracts with ISS. Of these, four executed written representation contracts with ABS Sales within six months of Bell's resignation. The sole issue upon this appeal which might be considered to have merit is the contention of the defendant Bell that the 1965 contract between himself and the plaintiff had been rescinded, canceled or terminated by a subsequent agreement between himself and the plaintiff entered into in 1969. The 1965 contract contained a covenant on the part of the defendant Bell not to compete with his employer, the plaintiff, for a period of six months after the employment was terminated. The 1969 agreement, upon its face, related solely to a change in the manner and method by which the defendant, Bell, would be compensated and stated at the end thereof: "This agreement supersedes prior arrangements and will be in effect until any new agreement may be made." The defendant Bell contends that the above-quoted language was such as to expressly terminate the prior 1965 contract. However, the language upon its face and when considered in connection with the sole apparent purpose of the agreement to change the financial arrangements is too vague to require a conclusion that it was thereby intended to terminate the prior agreement. Plaintiff submitted evidence that its president had consistently insisted upon restrictive covenants as to competition by former employees in agreements

on and after 1965. Furthermore, the plaintiff offered testimony to the effect that the negotiations which led up to the 1969 agreement did not in any way include a discussion of any of the terms of employment other than the financial arrangements between the employer and the defendant Bell. Upon the present record, the question of whether or not the parties intended to rescind the 1965 contract or otherwise terminate such contract was one of fact for the trial court. (See *Schwartzreich* v. *Bauman-Basch Inc.*, 231 N. Y. 196. Cf. *Strobe* v. *Netherland Co.*, 245 App. Div. 573.) The defendants do not contend that the amount awarded is excessive and the express language of the restrictive covenant is sufficient to support the refusal of the trail court to grant a permanent injunction in favor of the plaintiff. Judgment affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.